**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JASON SANABRIA,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-3855** |
| | : | |
| **PHANTOM FIREWORKS, *et al.*,** | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

**PRATTER, J.** **OCTOBER 7, 2021**

Plaintiff Jason Sanabria filed this action against three entities — Phantom Fireworks,

True Blue Inc., and Global Harvest Foods.  He also filed a Motion for Leave to Proceed *In*

*Forma Pauperis*.  (ECF No. 5.)  For the following reasons, the Court will grant Mr. Sanabria

leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## I.    FACTUAL ALLEGATIONS

Mr. Sanabria's Complaint is sparse, and his handwriting is difficult to read.  The Court

has labored to interpret his allegations.  Mr. Sanabria used one of the Court's form complaints to

prepare his pleading.  He states that he is bringing federal claims "for Discrimination of

Religious Belief by Domination of labor laws." (ECF No. 2 at 2.)  On the portion of the form

seeking information about the factual basis for his claims, Mr. Sanabria wrote: "Domination of

labor laws upon Genetic Information, Discrimination of Religious Belief" and "Employer

coerced with threats and retaliated with unlawful termination." (*Id.* at 3.)  Based on these

allegations, Mr. Sanabria claims to have experienced "mental suffering and Grief, treatment as

planned and pot taken as prescribed." (*Id.* at 4.)  Mr. Sanabria seeks $1 million in damages from

each defendant and unspecified injunctive relief.  (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Mr. Sanabria leave to proceed *in forma pauperis* because it appears

that he is not capable of paying the fees to commence this civil action.  Accordingly, Mr.

Sanabria's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to

dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim

under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss

under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236,

240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, No.

20-2554, 2021 WL 3891552, at *5 (3d Cir. Sept. 1, 2021) ("'At this early stage of the litigation,'

'[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable

inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, .

. . contains facts sufficient to state a plausible [] claim.'" (quoting *Perez v. Fenoglio*, 792 F.3d

768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Because Mr. Sanabria is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v.

Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239,

244-45 (3d Cir. 2013)).

A complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure

8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading

must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See*

*Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).  The Third Circuit Court

of Appeals has explained that in determining whether a pleading meets Rule 8's "plain"

2

statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III. DISCUSSION

Mr. Sanabria's Complaint does not comply with Rule 8. Mr. Sanabria has provided no context for his bare allegations, and it is unclear what he means by "Domination of labor laws." His allegations are sparse and vague so that the Court cannot discern the nature of his claims with any particularity.

It is possible, liberally construing the Complaint, that Mr. Sanabria might be attempting to bring claims under Title VII and the Genetic Information Nondiscrimination Act ("GINA")

3

for employment discrimination based on his religion and genetic information, as well as claims for retaliation under those statutes. *See E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 772 (2015) (explaining that Title VII prohibits discrimination or termination of an individual based on religion, including all aspects of religious observance and practice); *Punt v. Kelly Servs.*, 862 F.3d 1040, 1052 (10th Cir. 2017) ("GINA provides that '[i]t shall be an unlawful practice for an employer . . . to fail or refuse to hire, or to discharge, any employee, or otherwise to discriminate against any employee with respect to the compensation, terms, conditions, or privileges of the employee, because of genetic information with respect to the employee.'" (citing 42 U.S.C. § 2000ff-1(a))); *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) ("Connelly's retaliation claim may survive Lane's motion to dismiss if she pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action.").

Mr. Sanabria has not alleged any facts to support his bare allegations as is necessary to state a claim. He failed to identify his religion or describe the genetic information to which he alludes in his Complaint. He also did not explain the nature of his employment with each defendant (if any), the circumstances giving rise to his employment termination, and the events that occurred that led him to believe he was discriminated against or retaliated against. Rather, the Complaint rests entirely on two conclusory sentences, each alone or taken together are insufficient to state a claim. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) ("[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination.")

4

(quotations omitted); *see also Khalik v. United Airlines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss.").

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Mr. Sanabria leave to proceed *in forma pauperis* and dismiss his Complaint.  Mr. Sanabria will have leave to file an amended complaint within thirty (30) days of the date of this Memorandum in the event he can allege sufficient facts to state a claim for relief against the defendants. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows, which provides further instructions.

BY THE COURT:

GENE E.K. PRATTER, J.

5